## Banks as Sureties.

*Banks and banking — Banks as sureties for notaries public and public officers—Act of May 16, 1923.*

The Act of May 16, 1923, P. L. 248, affects only State banks, incorporated banking companies, trust companies, savings banks and unincorporated banks, and such institutions may not after the date of the act become surety upon the bonds of notaries public and county officers.

Department of Justice. Opinion to Hon. Clyde L. King, Secretary of the Commonwealth.

WOODRUFF, Att'y-Gen., Oct. 31, 1923.—Receipt is acknowledged of your letter of June 26, 1923, wherein you ask whether title insurance companies, fidelity insurance, safe deposit, trust and savings companies heretofore authorized to act in any fiduciary capacity, and who had accepted the prior acts of the legislature, may continue to become surety upon the bonds of notaries public and county officers, or whether their powers have been curtailed, and if so, to what extent by the provisions of the Act of May 16, 1923, P. L. 248.

The provisions of the Act of May 16, 1923, are brief. Parts thereof that are material to this question are quoted as follows:

"That the word 'bank,' as used in this act, means any State bank, incorporated banking company, trust company, savings bank, or unincorporated bank, heretofore or hereafter organized.

"No bank shall become surety on any bonds, except that any bank which has qualified itself, under the laws of this Commonwealth, to engage in a fiduciary business, may become sole surety in any case where, by law, one or more sureties are or may be required for the faithful performance of the duties of any assignee, receiver, guardian, committee, executor, administrator, trustee, or other fiduciary, and may also become sole surety on any writ of error or appeal, or in any proceeding instituted in any court of this Commonwealth in which security is or may be required. . . .

"Any bonds executed and delivered in violation of the provisions of this act shall be null and void.

"All acts or parts of acts inconsistent with this act are hereby repealed."

Under the plain terms of this act, any institution which comes within such definition of a "bank," that is, (a) any State bank, (b) incorporated banking company, (c) trust company, (d) savings bank, (e) or unincorporated bank, is prohibited from becoming surety on any bonds, except that such institutions which have qualified under the laws of this Commonwealth to engage in a fiduciary business may do the bonding work that is usually done for fiduciaries. Companies that do not come within such specific designation of a "bank," as used in this act, are unaffected by it. The apparent purpose of the act is that of limitation and restriction only on banks. They are pre-

vented from engaging in the bonding business generally, and permitted in a limited way only where they have legally become entitled to engage in a fiduciary business.

The act which permits banking companies incorporated and organized under the laws of this Commonwealth to act in fiduciary capacity is that of July 17, 1919, P. L. 1032. Sections 1, 2 and 4 are as follows:

"That corporations organized or hereafter to be organized under the laws of the Commonwealth for carrying on the business of banking, and having capital stock at least equal to the capital stock which trust companies are required by law to have, may be granted, by special permit, the right and power to act as trustees, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics or habitual drunkards, or in any other fiduciary capacity in which trust companies organized under the laws of this Commonwealth have authority and are permitted to act.

"Such rights, powers and privileges shall be exercised by State banking companies for and during the term of the charter of said banking companies and any renewal and extension thereof. . . .

"Banking corporations exercising the rights and powers conferred by this act shall not be required to execute the bond usually required of individuals, but shall have the power to execute any bond required by law when acting in any fiduciary capacity."

The effect of the compliance with this act is that of reincorporation with the right and power to act as trustee, executor, . . . "or in any other capacity in which trust companies organized under the laws of this Commonwealth have authority and are permitted to act."

It will be noticed that this act gives banking corporations the right and power to act in certain specific capacities of a recognized fiduciary nature, or in any *other fiduciary* capacity in which trust companies have authority to act. The act does not broadly give the same right to transact business that a trust company may have. It is always limited to a fiduciary capacity. Section 4 relates only to the bond which the company may give itself, and does not cover bonds for assignees, receivers, etc. There are several acts of assembly which extend powers to trust companies to become sole surety. The Act of May 16, 1923, P. L. 248, therefore, has the effect of removing any doubt as to just what general bonds a bank qualified for a fiduciary business may execute, and, in addition to the generally understood business of a fiduciary, permits the bank to become sole surety on *(a)* any writ of error or appeal, or *(b)* in any proceeding instituted in any court of this Commonwealth in which security is or may be required.

It necessarily follows that a company, such as a title insurance company covered by the Act of May 9, 1889, P. L. 159, and given authority therein "to become sole security for the faithful performance of any national, State, county or municipal officer, and execute such bonds or recognizances as may be required by law in such cases," would not be affected by the 1923 Act, for the very reason that it is not a "bank" as is embraced in the legal definition of the word.

It as clearly follows that any bank so defined and which has accepted the provisions of the Trust Company Act of July 17, 1919, P. L. 1032, may not become surety on general bonds and is limited to those enumerated in section 2 of the Act of 1923. Within this limitation are the items generally classified under fiduciaries, and bonds on appeal and for court where security is required. These latter cases are explicit, but just what constitutes a fidu-

4 D. & C.

Banks as Sureties.

ciary relation is often a subject of controversy. It has been held to apply to all persons who occupy a position of peculiar confidence towards others, such as a trustee, executor, administrator, etc. It seems to be more often limited to technical trusts. Notaries public are public officers of ancient origin and certainly are not fiduciaries in any accepted legal meaning of that word. County officers are also public officers, and are not fiduciaries if [the word is] used as applying to technical trusts. As the apparent purpose of the act, as before stated, is [to impose] that limitation on banks and restriction on their general right to become surety on bonds, in my opinion, it should be construed as applying to fiduciaries in their relation to technical trusts.

You are, therefore, advised that the act only affects State banks, incorporated banking companies, trust companies, savings banks and unincorporated banks, and that these institutions may no longer become surety upon the bonds of notaries public and county officers.

. From C. P. Addams, Harrisburg, Pa.